[Filed November 2, 1885.]

SARAH M. STINSON v. D. P. PORTER, EXECUTOR.

EVIDENCE — VOID JUDICIAL RECORD. — A void judicial proceeding is admissible in evidence as a private writing and part of the *res gestæ*, to show the inducement to a deed made by the parties to cure the defect in such judicial proceedings.

LINN COUNTY. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*John Kelsay*, for Appellant.

*L. Flinn*, and *C. E. Wolverton*, for Respondent.

LORD, J.—The plaintiff brought this action to recover of the defendant, as executor, a certain sum of money, alleged to be the consideration of a certain deed executed by the plaintiff and her husband to certain parties, which said consideration came into the hands of the defendant's testator and was received by him for the use of the plaintiff.

The defendant, among other things, by way of explanation or inducement, set up in his answer certain proceedings which were had in the Probate Court some years prior, by which it appeared that the guardian of the plaintiff had attempted to convey the identical property which was the subject of the deed aforementioned; and alleging that such proceedings were irregular and defective, and that, by reason thereof, they failed to effect the object contemplated, and that to obviate this defect, or in other words, because these probate proceedings were irregular and defective, the subsequent deed was executed, etc. After issue joined, in the progress of the trial the defendant, in support of his allegations, offered in evidence a certified copy of these proceedings, to which the plaintiff objected as irrelevant, on the ground that the proceedings were void. The objection was overruled by the court, and this constitutes the only assignment of erro

It is clear, from the proceedings, that it was not sought by the defendant to establish any right by virtue of the probate proceedings, for they were alleged to be defective, and the record of them was offered to show that fact, and that the property attempted to be conveyed by the guardian was not conveyed. The purpose of showing these facts was to explain what led to the execution of the deed by the plaintiff subsequently.

It is a mistake to suppose, because a judicial proceeding or decree is void, it is not proper or relevant as evidence for any purpose. In *Wildey* v. *Bonney's Lessee*, 31 Miss. 649, it was held that although a judicial proceeding for the partition of land among coparceners may be void for uncertainty in the designa-

tion of the parcels allotted to the several parties, yet, if it be referred to in a parol agreement made between them to divide the land, it may be introduced in evidence as a private writing, being a part of the *res gestæ*. The court say: "The report and proceedings of the commissioners were here offered, as connected with the subsequent agreement made between the parties, and their conduct in relation to the land, showing that a parol partition was made between them. The report and plat of the lands, though not valid as a judicial partition, were necessary to explain the acts of the parties with reference to them, and if these proceedings were sanctioned by the parties interested, and they afterwards made them the basis on which they divided the lands among themselves, such ratification would render their proceedings valid as a part of the agreement for partition, and they would be competent evidence, as private writings, forming part of the *res gestæ*." In *Hill* v. *Parker*, 5 Rich. 96, it was held that while an incomplete proceeding in equity binds nobody as a decree, it may be evidence of its own existence and the consequences therefrom deducible. The court say: "The proceedings there can have no effect against anybody as a judgment, but the papers which contain them may be evidence of their own existence and the consequences which thence result." In *Sebastian* v. *Ford's Heirs*, 6 Dana, 438, it was held that the record of a void decree may be used to show how the complainant *claimed to hold* the land.

Under some circumstances a judicial proceeding which is void may sometimes be used in evidence as a private writing. As a part, however, of these proceedings, it was not questioned but what the deed was valid, and that parol evidence was admissible to explain the object or purposes for which it was given. Upon this record we must suppose that the evidence was sufficient to satisfy the jury of that object.

The judgment must be affirmed.